UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JENSEN BAIRD GARDNER & HENRY, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:12-cv-296-JAW |
| JERZY WIRTH, SKELTON, TAINTOR & ABBOTT, and STEPHEN B. WADE, ESQ., | ) ) ) ) ) | |
| Defendants | ) | |

### ORDER ON REQUEST OF SKELTON, TAINTOR & ABBOTT TO DELAY DEPOSIT OF FUNDS

In response to my decision dated December 28, 2012, in this interpleader action (ECF No. 21), defendant Skelton, Taintor & Abbot has filed a "supplemental memorandum" and various affidavits, setting out facts that have developed since the date when the plaintiff's motion for leave to deposit the funds at issue was placed under advisement. In my December 28 decision, I allowed Skelton, Taintor & Abbot 10 business days in which to provide current information about the status of an underlying state-court action and any authority supporting its requests that, the plaintiff's request for leave to deposit funds with the court having been granted, the court order the posting of a bond in lieu of deposit or delay the deposit to allow Skelton, Taintor & Abbott to perfect its interest in the funds to be deposited. Memorandum Decision on Motion for Leave to Deposit Funds (ECF No. 21) at 6.

Skelton, Taintor & Abbott has now provided that information and apparently abandoned its alternative request that the plaintiff be ordered to post a bond in lieu of depositing the funds at

1

issue with the court. Supplemental Memorandum Relating to the Deposit of Funds with the Court (ECF No. 22). Its request for delay in the depositing of the funds is opposed by both the plaintiff and the remaining defendant, Jerzy Wirth, who appears *pro se*. ECF Nos. 23 & 30.

## I.  Additional Facts

A judgment dated December 20, 2012, was docketed in the underlying state-court action on December 26, 2012. Affidavit of Stephen B. Wade ("Wade Aff.") (ECF No. 22-1) ¶ 3. The office of the clerk of the Superior Court, Kennebec County, failed to enter the judgment on the docket. Affidavit of James E. Belleau (ECF No. 25) ¶ 6. The judgment was entered on the docket on January 15, 2013. *Id*. ¶ 7. The appeal period expired on February 5, 2013, after which Skelton, Taintor & Abbot planned promptly to obtain a writ of execution, and record that writ with the Maine secretary of state. *Id*. ¶¶ 8-9; Wade Aff. ¶¶ 7, 9.

Defendant Wirth filed a UCC-1 form with the Maine Secretary of State's office on or about January 16, 2013, seeking to perfect a security interest in the funds at issue. Supplemental Affidavit of James E. Belleau (ECF No. 29) ¶ 4. He has also filed a notice of appeal and a motion for relief from judgment in the underlying state-court action, although he is not a party to that action. Supplemental Affidavit of Stephen B. Wade Relating [] to Motion to Extend Time for Depositing Funds with the Court to Allow Skelton, Taintor & Abbott to Preserve and Perfect Its Interest (ECF No. 31) ¶¶ 4-5.

None of these facts is disputed.

## II.  Discussion

Skelton, Taintor & Abbott offers no authority and little argument in support of its request for further delay. Indeed, as the plaintiff points out, Plaintiff's Memorandum in Opposition to the Motion of Stephen B. Wade, Esq. and Skelton, Taintor & Abbott to Extend Time for

Depositing Funds with the Court to Allow Them to Preserve and Perfect Their Interest (ECF No. 23) at 3, the writ of execution, whenever the law firm is able to procure it from the Maine Superior Court (Kennebec County), will place a lien on the property of Geoff J. Hasler, but Hasler has already disclaimed any interest in the funds at issue here.  Declaration of Michael A. Nelson, Esq. (ECF No. 23-1) ¶ 2 & Exh. C thereto.  Thus, there does not appear to be any advantage to the law firm in delaying the deposit of the funds with this court.

In addition, this court will rule on any and all claims to the funds, once they are deposited, regardless of where the money was when any particular claimant's interest was perfected.  I see no reason to delay the progress of that adjudication any longer.

### III.  Conclusion

For the foregoing reasons, the request of Skelton, Taintor & Abbott that the court order a further delay by the plaintiff in the deposit of the funds at issue with the court is **DENIED**. Jensen Baird Gardner & Henry shall deposit the funds with the court forthwith.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 13th day of February, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

3