UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENSEN BAIRD GARDNER & HENRY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )    2:12-cv-00296-JAW ) |
| JERZY WIRTH, et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANT'S MOTION TO UNSEAL**

In this interpleader action, where an attorney and a defendant have made conflicting claims to proceeds from civil litigation held in trust by a law firm, the Court dismisses without prejudice a defendant's motion to unseal docket entries related to the attorney's court-sanctioned withdrawal from representation of another client in the lawsuit that resulted in the generation of the disputed proceeds. The facts that occasioned the attorney's withdrawal are privileged and not subject to disclosure without the consent of the client.

**I.      STATEMENT OF FACTS**

On September 27, 2012, Jensen Baird Gardner & Henry (Jensen Baird), a Portland, Maine law firm, filed an interpleader action against Jerzy Wirth, Stephen B. Wade, Esq., and Skelton, Taintor & Abbott (Skelton Taintor), a Lewiston, Maine law firm, noting that it is holding in its firm trust account $205,223.27 in proceeds from the settlement of litigation under the name *Myfreemedicine.com, LLC and Geoffrey J. Hasler v. Alpine Investors, L.P.*, No. 08-cv-362-JAW.  Compl. ¶¶ 1-7

(ECF No. 1). Jensen Baird had received conflicting claims to the proceeds from Mr. Wirth and from Attorney Wade. *Id.* ¶¶ 8-11. During the *Myfreemedicine* litigation, Attorneys Wade and Malloy moved for permission to withdraw as counsel for Myfreemedicine and Geoffrey Hasler. *Ex Parte Mot. of Att'ys Stephen Wade and Michael S. Malloy to Withdraw as Counsel for the Pls. Myfreemedicine.com LLC and Geoffrey J. Hasler* (ECF No. 121), No. 08-cv-362-JAW. The Court granted the motion on January 26, 2011. *Order Granting Emergency Ex Parte Mot. of Stephen B. Wade and Michael S. Malloy to Withdraw as Counsel* (ECF No. 123), No. 08-cv-362-JAW. Although the docket entry reflecting the motion and order are not sealed, the motion itself and related matters are sealed.

## II.   THE PARTIES' POSITIONS

### A.   Jerzy Wirth's Motion

On March 26, 2013, Mr. Wirth moved to unseal the docket entries in the *Myfreemedicine* litigation. *Mot. to Unseal* (ECF No. 43). In his motion, Mr. Wirth asserts that because Mr. Wade and the Court are "privileged to all this information" and he is not, a "just and equitable ruling" in this case depends upon "full and transparent disclosure." *Id.* at 1. He says that the Fee Arbitration Board was unaware of the basis for Mr. Wade's withdrawal when it approved his fee. *Id.*

### B.   Stephen Wade and Skelton Taintor's Opposition

In their opposition, Defendants Attorney Wade and Skelton Taintor assert that Mr. Wirth has filed his motion in the wrong case. *Cross Cl. Defs.' Objection to Cross-Claimant's Mot. to Unseal* (ECF No. 49) (*Wade & Skelton Opp'n*). They note

2

that Mr. Wirth is requesting that the Court unseal a document in a case to which he was not a party and they observe that he has failed to place the actual parties to the *Myfreemedicine* litigation on notice of his request, particularly Mr. Hasler himself, whose relationship with Attorney Wade was the subject of the motion to withdraw. *Id.* at 2-3. Furthermore, the Defendants say that the merits of the motion to withdraw involve communications come under the attorney-client privilege and may not be revealed without Mr. Hasler's express consent. *Id.* at 2-4. They assert that Mr. Wirth does not have standing to demand that the sealed docket entries be revealed. *Id.* at 4-5.

### C. Jerzy Wirth's Reply

In his Reply, Mr. Wirth explains that after Attorney Wade withdrew his representation of Geoffrey Hasler, Mr. Wirth hired Attorney Joseph Groff of Jensen Baird to represent Mr. Hasler, funding the lawsuit against Alpine Investors in the amount of $301,676.27. *Mem. in Support of Mot. to Unseal* at 1 (ECF No. 50) (*Wirth Reply*). He maintains that there would not have been a settlement without his financial support of Mr. Hasler's claim. *Id.* Mr. Wirth acknowledges that Attorney Wade has made a countervailing claim for the proceeds being held by Jensen Baird, but he asserts that whether Mr. Wade is entitled to his legal fees depends upon the circumstances of his withdrawal from representation. *Id.* at 1-2. Thus, Mr. Wirth asks the Court to unseal Attorney Wade's motion and reveal what led to his withdrawal. *Id.* at 2-3.

3

## III. DISCUSSION

Mr. Wirth's demand for Attorney Wade's motion to withdraw in the *Myfreemedicine* civil action is barred by the attorney-client privilege. *See* ME. R. PROF"L RESPONSIBILITY 1.6(a) ("A lawyer shall not reveal a confidence or secret of a client"); FED. R. EVID. 502. When Attorney Wade filed his motion, he did so knowing that to support the motion, he was potentially placed at odds with his client and might be required to allude to information he could not professionally disclose.

The Maine Rules of Professional Responsibility contain a possible avenue for Mr. Wirth to obtain the information he is seeking. Under Rule 1.6(a), a lawyer may reveal a client confidence if "the client gives informed consent." ME. R. PROF'L RESPONSIBILITY 1.6(a). In his motion, Mr. Wirth says that he paid Jensen Baird to the tune of over $300,000.00 to represent Mr. Hasler. *Wirth Reply* at 1. If Mr. Hasler requested the sealed information released, the confidentiality of the communications, which is Mr. Hasler's to waive, would likely be obviated. However Mr. Wirth has no standing to demand that communications between Mr. Hasler and his then attorneys be disclosed. If the docket entries remain sealed, the Court will address, if and when appropriate, what impact, if any, the fact that the entries are sealed may have on Attorney Wade's and Skelton Taintor's claims against the proceeds of the litigation.

## IV. CONCLUSION

The Court DISMISSES without prejudice Jerzy Wirth's Motion to Unseal (ECF No. 43).

4

SO ORDERED.

                                    <u>John A. Woodcock, Jr.</u>
                                    JOHN A. WOODCOCK, JR.
                                    CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2013