UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENSEN BAIRD GARDNER & HENRY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:12-cv-00296-JAW ) |
| JERZY WIRTH, et al., | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO DISCHARGE**

On September 27, 2012, Jensen Baird Gardner & Henry (Jensen Baird) filed an interpleader action, alleging that it had money in its custody in the amount of $205,223.27 against which there were two or more claimants, Jerzy Wirth and Stephen Wade of the law firm of Skelton, Taintor & Abbott (collectively Skelton Taintor). *Compl.* ¶ (ECF No. 1). With the Complaint, Jensen Baird moved to deposit this money into the Court. *Mot. for Leave to Deposit Funds with the Court* (ECF No. 3). On December 28, 2012, the Magistrate Judge granted Jensen Baird's motion to deposit. *Memorandum Decision on Mot. for Leave to Deposit Funds* (ECF No. 21). After some delay caused by a side issue, the Magistrate Judge on February 13, 2013 ordered that Jensen Baird deposit the funds forthwith. *Order on Req. of Skelton, Taintor & Abbo[t]t to Delay Deposit of Funds* (ECF No. 42). In accordance with the Order, Jensen Baird duly deposited $205,223.27 with the Court on February 14, 2013.

Although at one point Skelton Taintor filed a counterclaim against Jensen Baird, it later moved to dismiss the Counterclaim and on April 19, 2013, the Court dismissed the Counterclaim with prejudice. *Skelton, Taintor & Abbott and Stephen B. Wade, Esq.'s Mot. for Dismissal of Their Countercl. Against Jensen Baird Gardner & Henry* (ECF No. 48); *Order Granting Mot. to Dismiss Countercl. Against Jensen Baird Gardner & Henry* (ECF No. 51). On April 19, 2013, Jensen Baird moved for an order discharging it as the stakeholder for the disputed funds. *Mot. to Discharge Jensen Baird Gardner & Henry as Stakeholder* (ECF No. 52). Neither Mr. Wirth nor Skelton Taintor responded to the Jensen Baird motion.

To be entitled to a discharge in an interpleader action, the plaintiff must demonstrate that it has complied with the statutory and rule requirements for an interpleader action. *See MetLife Investors USA Ins. Co. v. Zeidman*, 734 F. Supp. 2d 304, 314-15 (E.D.N.Y. 2010) (citing 28 U.S.C. § 1335); FED. R. CIV. P. 22. Those requirements are: (1) that the plaintiff possess a single fund of a value greater than $500, (2) that the plaintiff alleges a real and reasonable fear of double liability or vexatious, conflicting claims, and (3) that the plaintiff deposit or be depositing the fund with the court. *Id.* A fourth requirement for discharge is that "the stakeholder be disinterested." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed. 2001). Here, Jensen Baird is entitled to be discharged because it has satisfied all the statutory and rule requirements and there is no claim that it has any interest in the disposition of the

fund.  *See GE Capital Assurance v. Van Norman*, 209 F. Supp. 2d 668, 670 (S.D. Tx. 2002); *Southtrust Bank, N.A. v. Wilson*, 971 S. Supp. 539, 542 (M.D. Fl. 1997).

    The Court GRANTS Jensen Baird Gardner & Henry's Motion to Discharge Jensen Baird Gardner & Henry as Stakeholder (ECF No. 52).

    SO ORDERED.

                      /s/ John A. Woodcock, Jr.
                      JOHN A. WOODCOCK, JR.
                      CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2013